IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELIJAH NIELSON,<br><br>            Plaintiff,<br><br>v.<br><br>UTAH VALLEY UNIVERSITY,<br><br>            Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR PARTIAL DISMISSAL**<br><br>Case No. 2:24-cv-901<br><br>Judge Tena Campbell |

Plaintiff Elijah Nielson brings this action against Defendant Utah Valley University (UVU) under Title VII of the Civil Rights Act. (See Compl., ECF No. 1 at ¶ 11.) Mr. Nielson asserts two causes of action under Title VII: 1) retaliation; and 2) failure to prevent retaliation. (Id. ¶¶ 70–90.) UVU has filed a motion for partial dismissal asking the court to dismiss Mr. Nielson's second cause of action for failure to state a claim. (ECF No. 19.) Because the court agrees that Title VII does not create a cause of action for failure to prevent retaliation that is separate from a cause of action for retaliation, the court grants UVU's motion.

## BACKGROUND

Mr. Nielson alleges that UVU retaliated against him by denying his application for tenure and subsequently terminating him from employment after Mr. Nielson filed a complaint under Title VII with UVU's Office for Equal Opportunity and Affirmative Action against Dr. Steven Clark, the Dean of the College of Humanities and Social Sciences at UVU. (Id. ¶¶ 12, 16, 37, 75–78.) Mr. Nielson also alleges that UVU failed to take reasonable steps to prevent retaliation

1

against him.  (Id. ¶ 90.)

## LEGAL STANDARD

To survive a motion to dismiss, the factual allegations in a complaint must raise a plausible right to relief.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–56 (2007).  A claim is facially plausible when the plaintiff pleads enough factual content to justify the reasonable inference the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  And while factual allegations asserted in a complaint are accepted as true for purposes of a motion to dismiss, conclusory allegations in a complaint are not entitled to such deference and are insufficient to state a claim.  Id.

## ANALYSIS

Under Title VII's anti-retaliation provision, "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  To state a prima facie case of Title VII retaliation, a plaintiff must plausibly allege 1) that he engaged in protected opposition to discrimination; 2) that a reasonable employee would have found the challenged action materially adverse; and 3) that a causal connection existed between the protected activity and materially adverse action.  Reznick v. inContact, Inc., 18 F.4th 1257, 1260 (10th Cir. 2021).

UVU does not dispute that Mr. Nielson has adequately pled a claim for retaliation; instead, UVU maintains only that Title VII does not recognize a separate cause of action for failure to prevent retaliation.  The court agrees.  Neither the statutory text of Title VII nor any caselaw the court has identified allows a plaintiff to bring a separate claim for the failure to

prevent retaliation.[1]  Relation claims under Title VII are instead evaluated under the same standard: "[A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'"  Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (citation omitted).

The court's holding does not imply that a plaintiff cannot provide evidence of a defendant's omissions as well as a defendant's overt actions in support of a retaliation claim.  If a defendant fails to recommend that a professor be granted tenure, for instance, the characterization of that failure as either an omission or an overt action is mostly a matter of semantics.  Regardless of that characterization, the court evaluates the defendant's actions and omissions under the standards for a retaliation claim, not under Mr. Nielson's proposed theory for failure to prevent retaliation.  In any event, the allegations that Mr. Nielson pleads in support of his two causes of action are nearly identical.  (Compare Compl. ¶¶ 70–79, with id. ¶¶ 80–90.)  This similarity further demonstrates that Mr. Nielson's second cause of action is duplicative of his first.

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1. The Defendant's Motion for Partial Dismissal is GRANTED.  (ECF No. 19.)  Mr. Nielson's second cause of action is dismissed with prejudice.

2. Under Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure, the Defendant

---

[1] The two cases cited by Mr. Nielson in support of his proposed cause of action for failure to prevent retaliation do not involve any retaliation claims.  See Faragher v. City of Boca Raton, 524 U.S. 775 (1998) (bringing claims for Title VII sexual harassment and hostile work environment); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998) (similar).

must file its answer within 14 days from the date of this order. The parties must then comply with the deadlines set forth in the Order to Propose Schedule. (ECF No. 4.)

DATED this 17th day of September, 2025.

BY THE COURT:

_____
Tena Campbell
United States District Judge